**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **BRENDA SOYAPA VITANZO TROCHEZ, A#201 715 853,** | § | |
| | § | |
| **Petitioner,** | § | **PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. §2241** |
| | § | |
| **vs.** | § | |
| | § | |
| **WARDEN, South Texas ICE Processing Center; ET AL.,** | § | **SA-26-CV-2595-FB** |
| | § | |
| **Respondents.** | § | |

**DISMISSAL ORDER**

Before the Court is the 28 U.S.C. § 2241 Habeas Corpus Petition (ECF No. 1) filed by Brenda Soyaa Vitanzo Trochez, who challenges his/her detention pending removal by the Bureau of Immigration and Customs Enforcement (ICE). Also pending is Petitioner's Motion for Immediate Release. (ECF No. 16). For reasons set forth below, the Motion (ECF No. 16) is **DENIED** and the Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE as premature.**

**BACKGROUND**

Petitioner, a native and citizen of Honduras, was first contacted in 2019 near the Mexican border. (ECF No. 15, Exh. A). On that same day Petitioner was issued a NTA and released on her own recognizance. (*Id.*). In February of 2026, Petitioner was convicted of Conspiracy to Transport Illegal Aliens and was sentenced to time served. (*Id.*, Exh. B). She was then transferred to immigration detention and, on May 20, 2026, was ordered removed. (*Id.*, Exh. C). Petitioner timely appealed but failed to pay the required appellate fee. (*Id.*, Exh. D). Petitioner was given a deadline of August 31,

2026, in which to pay the fee. To date, Petitioner has not complied with the BIA order therefore waving her appeal and rendering her Order of Removal final. (*Id.* Exh. E (ECAS Filing)).

**APPLICABLE LAW**

Once a removal order becomes "final," the Attorney General has ninety days to effect an alien's departure from the United States. 8 U.S.C. § 1231(a)(1)(A); *Andrade v. Gonzales,* 459 F.3d 538, 543 (5th Cir. 2006). The 90-day removal period begins on the latest of three dates: the date (1) the order becomes "administratively final," (2) a court issues a final order in a stay of removal, or (3) the alien is released from non-immigration custody. 8 U.S.C. § 1231(a)(1)(B). If an alien is not promptly removed within the removal period, then he may be eligible for supervised release until removal can be accomplished. *See* 8 U.S.C.§ 1231(a) (3).

Because not all removals can be accomplished within 90 days, in some instances certain aliens may be detained beyond the 90-day removal period. *See Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). In *Zadvydas*, the U.S. Supreme Court held that § 1231(a)(6) "read in light of the Constitution's demands, limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States" but "does not permit indefinite detention." 533 U.S. at 689. "[O]nce removal is no longer reasonably foreseeable, continued detention is no longer authorized by the statute." *Id.* at 699. The Court designated six months as a presumptively reasonable period of post-order detention but made clear that the presumption "does not mean that every alien not removed must be released after six months." *Id.* at 701.

**DISCUSSION**

In this case, although Petitioner was detained in February of 2026, Petitioner's removal order became final on May 20, 2026, when she failed to pay the filing fee for appealing the order. 8 C.F.R. §

1241.1(a). Therefore, Petitioner is still within the 90-day removal period when detention is warranted. 8 U.S.C. § 1231(a)(2). Further, because she has not been in custody past the presumptively reasonable period outlined in *Zadvydas*, 533 U.S. 678, she fails to demonstrate her detention violates the Constitution. *See Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002) (per curiam) (concluding that the six-month period must have expired at the time the § 2241 petition was filed in order to state a claim under *Zadvydas*).

Accordingly, the Petition for a writ of habeas corpus must be dismissed as premature. *See Chance v. Napolitano*, 453 F. App'x 535, 536, 2011 WL 6260210, at *1 (5th Cir. 2011) (per curiam); *see also Okpuju v. Ridge*, 115 F. App'x 302, 302, 2004 WL 2943629, at *1 (5th Cir. 2004) (per curiam) (noting that the petitioner's claim regarding his continued detention was premature because the petitioner had not yet been in custody longer than the "presumptively reasonable six-month post-removal order period" set forth in *Zadvydas*). Petitioner may re-file a habeas corpus application after he/she has been confined for longer than the presumptively reasonable period established by *Zadvydas* and he/she has exhausted all available administrative remedies.

## CONCLUSION

Based on the foregoing, it is **ORDERED** that the Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 filed by Brenda Soyapa Vitanzo Trochez (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE as premature.**

**IT IS SO ORDERED.**

**SIGNED** this 14th day of September, 2026.

FRED BIERY
UNITED STATES DISTRICT JUDGE